United States District Court
Southern District of Texas

**ENTERED**

February 01, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EMANUEL WATSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-036 |
| | § | |
| FIELDWOOD ENERGY OFFSHORE, | § | |
| LLC, *et al.* | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff, Emanuel Watson ("Watson"), has filed this action against Defendants GOM Shelf, LLC ("GOM")[1], Sparrows Offshore, LLC ("Sparrows"), and Wood Group PSN, Inc. ("Wood Group"), (collectively as "Defendants") asserting claims for personal injury under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. § 1301, *et seq. See* Plaintiff's Second Amended Complaint (Dkt. 31). Pending before the Court is GOM's Motion to Transfer Venue (Dkt. 36). For the reasons explained below, the Motion to Transfer will be **GRANTED**, and this action will be **TRANSFERRED** to the United States District Court for the Western District of Louisiana—Lafayette Division pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Watson, a resident of Louisiana, alleges that he slipped on oil and fell while working as a galley hand on Grand Isle 43-AA, a production platform owned by GOM. Dkt. 31, Plaintiff's Second Amended Complaint, ¶ 1.3. Grand Isle 43-AA is operated by

---

[1] GOM was previously named Fieldwood Energy Offshore LLC.

1

Wood Group and is located in the Gulf of Mexico, offshore of Louisiana. Dkt. 36-4, Affidavit of Bryan Molaison, ¶ 4. Sparrows is also a service provider to Grand Isle 43-AA. *See* Dkt. 31, ¶ 4.1. At the time of the incident, Watson was working for Offshore Services of Acadiana, LLC ("OSA"), a business located in Lafayette, Louisiana.[2] *Id.* Watson alleges that he has received treatment for his alleged injuries in Bellaire, Texas and Lafayette, Louisiana. Defendants have their principal places of business in Houston, Texas, but maintain offices in the Lafayette area.

Watson filed this personal injury suit in the Southern District of Texas. GOM now moves to transfer this action to the United States District Court for the Western District of Louisiana—Lafayette Division pursuant to 28 U.S.C. § 1404(a). Based on the pleadings and the applicable law and for reasons set forth below the motion to transfer will be granted.

## STANDARD FOR CONVENIENCE TRANSFERS

Section 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005).

---

[2] OSA is not a named party to this action.

Generally, the plaintiff's venue choice is accorded deference, but "when [he] files suit outside [his] home forum, the weight accorded to the choice is diminished." *Sivertson v. Clinton*, No. 3:11–cv–0836–D, 2011 WL 4100958, at *4 (N.D. Tex. Sept. 14, 2011). "[C]lose scrutiny is given to plaintiff's choice of forum when the plaintiff does not live in the judicial district in which plaintiff has filed suit." *McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 529 (S.D. Tex. 2001). Here, Watson is a resident of Louisiana not Texas. Accordingly, his decision to file in the Southern District of Texas is not entitled deference. *See Sivertson*, 2011 WL 4100958 at *4; *Rimkus Consulting Grp., Inc. v. Balentine*, 693 F. Supp. 2d 681, 690 (S.D. Tex. 2010).

Nevertheless "[t]he court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *See Sivertson*, 2011 WL 4100958 at *3. The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id.*

## ANALYSIS

Under 28 U.S.C. § 1404, the preliminary question for the district court is whether the suit could have been filed originally in the destination venue of Connecticut. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc., No.* CIV.A. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). Here, Watson is a resident of Lafayette, Louisiana and the Defendants all have offices in the

3

Western District of Louisiana.[3] The alleged injury occurred on a platform located in the Gulf of Mexico, offshore of Louisiana. Dkt. 31 ¶ 4.1. Accordingly the Court finds that, as originally filed, this action could have been brought in the Western District of Louisiana. *See* 28 U.S.C. §§ 1391(b)-(d), 1400(b).

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," by weighing a number of private and public interest factors. " *Atlantic Marine Construction Company, Inc. v. United States Dist. Court for the Western Dist. of Texas*, —— U.S. ——, ——, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013.) The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* at n.6. (citations omitted). No one factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1

---

[3] Sparrows Offshore, LLC: 119 Ida Road, Broussard, Louisiana 70518, *see* Dkt. 36-1, p. 3; Wood Group PSN: 3861 Ambassador Caffery Pkwy #250, Lafayette, LA 70503, *see* http://www.woodgroup-psn.com/contact-us.aspx; Fieldwood Energy LLC, managing member of GOM Shelf, LLC: 2014 W. Pinhook Rd., Suite 800, Lafayette, LA 70508, *see* Dkt. 36-4, Exh. B, Affidavit of Bryan Molaison.

(quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 258 F .3d 337, 340 (5th Cir.

2004)). The Court analyzes these factors below.

## ANALYSIS

### A. The Private–Interest Factors

### 1.  The Relative Ease of Access to Sources of Proof

On balance Louisiana not Texas is the location where most of the important

sources of proof in this maritime personal injury action are located. The accident

occurred off the coast of Louisiana. Not only does Watson reside in Lafayette, Louisiana,

but with the exception of his psychiatrist, all of his medical treaters are located in that

District.[4] Most of Watson's medical care took place in Louisiana and was provided by the

following individuals:

Gordon G. Gidman, MD
Acadiana Center
2501 W. Pinhook Road
**Lafayette, LA** 70508

Keith Mack, MD
Metropolitan Health Group
224 St. Landry Street
**Lafayette, LA** 70506

Lafayette Surgical Specialty Hospital
1101 Kaliste Saloom Road
**Lafayette, LA** 70508

Anesthesiology & Pain Consultants, Inc.
1103 Kaliste Saloom Road, #304
**Lafayette, LA** 70508

---

[4] The Court notes that Watson's psychiatrist is located in Bellaire, Texas which is not in the Galveston Division of the Southern District of Texas but the Houston Division.

Fran Mancuso, PT
Southern Spine Institute
1103 Kaliste Saloom Road, #104
**Lafayette, LA** 70508

John B. Sledge, III, MD
Lafayette Bone and Joint Clinic
1103 Kaliste Saloom Road Suite 100
**Lafayette, LA** 70508

Advanced Imaging of Lafayette, LLC
935 Camellia Blvd., #101
**Lafayette, LA** 70508

Harvey A. Rosenstock, M.D., F.A.C. Psych.
The Rosenstock Clinic
5959 West Loop South, Suite 445
**Bellaire, Texas** 77401[5]

*See Perry v. Autocraft Invs., Inc.*, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) (concluding that the first private interest factor weighed in favor of transfer because the accident, as well as all of plaintiff's medical care, occurred in the transferee location).

Defendants have also identified fact witnesses regarding Watson's injury who are located in Louisiana. Watson's employer, OSA has its principal operations in Lafayette, Louisiana and does not do business nor have an office in Texas. *See* Dkt. 36, Exh. A, Affidavit of Jeff Moncrief.[6] While OSA is not a party in this case, OSA's officials who are familiar with training Watson and his co-workers, as well as OSA's operations, and those with information regarding the incident itself do not reside in Texas. *See* Dkt. 36, Exh. A, Affidavit of Jeff Moncrief.

---

[5] *See* Plaintiff's First Supplemental Rule 26(a)(1)(A) Disclosures (Dkt. 36-6, Exh. D); Defendant Sparrows Offshore, LLC's First Amended Initial Disclosures, Response A (Dkt. 28).
[6] OSA's office address is 1555 N. Bertrand Drive, Lafayette, Louisiana 70506.

OSA representatives and Watson's co-workers who can provide eyewitness testimony work out of OSA's Lafayette office. *Id.* The last known address of a co-worker listed by Watson, Robert Clark, is Ville Platte, Louisiana. *Id.* Also, Watson's supervisor on site, Zachary Richard, resides in Lafayette and works out of OSA's office in Lafayette. *Id.*

Under the alleged facts of this case, the Court does not find that the location of documents to be significant in its analysis of this factor. *See Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.,* 982 F. Supp. 2d 714, 725 (W.D. Tex. 2013) ("Where important documents are located in both venues, this factor does not weigh in favor of transfer … the Court concludes this factor is neutral and does not weigh in favor of transfer."). Although all parties have made various arguments regarding the location of relevant documents in Houston and the relative portability of those documents to Louisiana, the location of documentary evidence is rarely a significant factor in a personal injury case. *Barnes v. Romeo Papa*, LLC, No. 3:12-CV-365, 2013 WL 3049236, at *2 (S.D. Tex. June 17, 2013) ("[B]ecause this case is a personal injury action, it is unlikely to require extensive paper discovery or additional difficulties in accessing sources of proof."); *see also Nunez v. Offshore Marine Contractors, Inc.*, No. 3:12–CV00291, 2013 WL 1458916, at *2 (S.D. Tex. Mar. 26, 2013). The Court finds that because the non-parties, OSA and its personnel, reside or work in Lafayette, Louisiana, the case should be transferred to the Western District of Louisiana. Accordingly, the Court finds that this factor weighs heavily in favor of transfer.

**2. The Availability of Compulsory Process to Secure the Attendance of Witnesses**

Under the Federal Rules of Civil Procedure, a district court may enforce a subpoena issued to a nonparty witness "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense." FED.R.CIV.P. 45(c)(1)(B). As noted above, the majority of Watson's treaters are located in Louisiana not Texas. Even if these treaters were willing to voluntarily attend trial in Louisiana the record establishes that the only other non-party witnesses are OSA employees who work in Louisiana. Medical providers are key witnesses in a personal injury case and GOM has offered no evidence establishing that the treaters will voluntarily attend trial without a subpoena or that they are hired expert witnesses. *See Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 826 (S.D. Tex. 1993) (citation omitted); *Nunez*, 2013 WL 1458916, at *5-6. Defendants have provided evidence that at least two of these witnesses, Watson's supervisor on the platform where he was injured and a co-worker listed as a witness by Watson presently reside in the Western District of Louisiana. Accordingly, the Court finds that this factor also weighs in favor of transfer.

**3. The Cost of Attendance for Willing Witnesses**

"[I]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis." *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998). Particularly, it is "the location of key, non-party witnesses that dominates." *See Dupre v.*

*Spanier Marine Corp.*, 810 F. Supp. 823, 826 (S.D. Tex. 1993); *Continental Airlines,* 1992 WL 333428 at *3. The convenience of one key witness may outweigh the convenience of numerous less important witnesses. *See, e.g., Young v. Armstrong World Indus., Inc.*, 601 F. Supp. 399, 401-02 (N.D. Tex. 1984). Furthermore, the moving party must do more than make a general allegation that certain key witnesses are needed. *See id*. The movant must specifically identify the key witnesses and outline the substance of their testimony. *Continental Airlines,* 1992 WL 333428 at *3. "[W]hen nearly all of the nonparty witnesses that will testify concerning disputed issues reside elsewhere, this factor weighs in favor of transferring the case*." Frederick v. Advanced Fin. Solutions, Inc.*, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007).

The Galveston Division has held that it "will frequently transfer a case when the majority of the key witnesses live more than 100 miles from Galveston and thus outside the subpoena reach of the Court." *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997); *See Dearing v. Sigma Chemical Co.*, 1 F.Supp.2d 660, 665 (S.D. Tex. 1998); *see also Lindloff v. Schenectady International*, 950 F. Supp. 183, 185-86 (E. D. Tex. 1996); *Reed v. Fina Oil & Chemical Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998). In this case, the distance between the federal courthouse in Galveston and the federal courthouse in Lafayette, Louisiana is approximately 200 miles. Most of the witnesses are beyond the subpoena power of this Court.

Even if the witnesses agree to voluntarily appear at trial, travel to Galveston will require significantly more time and expense than travel to the Lafayette Division of the Western District of Louisiana. The cost of obtaining attendance of witnesses should be

given particular consideration because, as discussed above, Watson, most Defendants, Watson's employer—a non-party—and all witnesses including key non-party fact witnesses, reside far from Galveston. Given the distance involved for all parties, a transfer of this case will certainly result in a reduction of costs associated with trial. The reduction in costs weighs heavily in favor of this Court transferring the case to the Western District of Louisiana. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) (refusing to transfer for "mere convenience of a few witnesses"). Accordingly, the Court finds that this factor weighs in favor of transfer.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

While Watson asserts arguments regarding the alleged delay to prosecution of this case caused by the timing of GOM's motion, the Court finds the issue of delay is not relevant and therefore neutral.[7] Dkt. 37, p. 6. The delay associated with transfer may be

---

[7] Watson argues that GOM's five-month motion to transfer venue "militates against transfer and raises the specter of delay and needless duplication." Dkt. 37, p. 6. GOM argues that § 1404 does not contain a deadline for filing the motion to transfer venue, and a motion to transfer venue under § 1404 can be made at any time. The Court agrees. The only jurisprudential limitation is that the motion be filed with reasonable promptness. *Peteet v. Down Chemical Co.*, 868 F.2d 1428 (5th Cir. 1989), cert. denied, 493 U.S. 935, 110 S.Ct. 328 (1989); *see also Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000). Moreover, to prove a lack of reasonable promptness, the opposing party must prove that the transfer motion is a dilatory tactic or that the party will be prejudiced solely because of the delay in bringing the motion. *Mohamed*, 90 F.Supp.2d at 760. Here, Watson does not meet his burden of proof. Watson relies on the period of time between the filing of GOM's answer and the motion to transfer to argue that the motion is untimely. The Court finds that this does not show a lack of reasonable promptness. Additionally, as GOM notes, minimal discovery has taken place. The only discovery has been the exchange of initial disclosures, Sparrows propounded interrogatories and requests for production to Watson. Watson has not submitted any written discovery nor has not requested any depositions. Also, Watson has not been deposed. Further, any discovery conducted remains effective after the transfer, so duplication is not an issue. The Court notes that trial is set in over

relevant "in rare and special circumstances," such as where a transfer of venue would cause yet another delay in protracted litigation. *In re Horseshoe Entm't*, 337 F.3d 429, 435 (5th Cir. 2003). However "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case." *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013). Here, the Court finds that there is no evidence or "rare and special circumstances" establishing that retaining and trying this case would cause significant delay or prejudice to any of the parties.[8] The Court thus finds that on balance the private interest factors strongly favor transfer to the Western District of Louisiana.

### B. The Public–Interest Factors

### 1.  The Administrative Difficulties Flowing from Court Congestion

The focus of the first public-interest factor is " 'not whether [transfer] will reduce a court's congestion but whether a trial maybe speedier in another court because of its less crowded docket.' " *Rosemond v. United Airlines, Inc.*, No. H–13–2190, 2014 WL 1338690, at *4 (S.D. Tex. Apr. 2, 2014)(quoting *Siragusa v. Arnold*, No. 3:12–cv–04497–M, 2013 WL 5462286, at *7 (N.D. Tex. Sept. 16, 2013)). In analyzing this factor courts often consider the median time interval from case filing to disposition. *ExpressJet Airlines, Inc. v. RBC Capital Markets Corp.*, No. H-09-992, 2009 U.S. Dist. LEXIS

---

six months, in July of 2016. Thus, the Court finds that the Motion to Transfer Venue is timely and was filed with reasonable promptness.

[8]Watson submits that initial disclosures have already been exchanged and the Court issued a Docket Control Order (Dkt. 26), which sets a discovery cut-off of March 2016 and sets a July 2016 jury trial. Watson argues that a transfer at this juncture would encourage delay. The Court disagrees. The Courts finds that there is no evidence as to whether a transfer to the Western District of Louisiana will speed up the trial date because of its less crowded docket. Thus, this public interest factor is neutral.

64411, 2009 WL 2244468, at *12 (S.D. Tex. Jul. 27, 2009). Here, cases filed in the Southern District of Texas proceed to trial faster than cases filed in the Western District of Louisiana. The record reflects that the average time from filing to trial of civil cases in the Western District of Louisiana as a whole is 34.6 months and the Southern District of Texas as a whole is 21.3 months.[9] The Court finds that this difference in disposition time significant and weighs against transfer. *Compare ExpressJet Airlines*, 2009 WL 2244468, at *12 (S.D. Tex. July 27, 2009) (concluding that a difference of a few months between districts did not weigh either in favor of or against transfer).

### 2. The Local Interest in Having Localized Interests Decided at Home

Section 1404(a) "should be construed to prevent parties who are opposed to a change of venue from defeating a transfer which, but for their own deliberate acts or omissions, would be proper, convenient and just." *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 813, 11 L.Ed.2d 945 (1964); *see In re Hoffman–La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (discussing *Van Dusen* ). One consideration under this factor is a preference for "the venue in which the events giving rise to the litigation occurred." *Molina v. Vilsack*, No. CIV. A. V-09-40, 2009 WL 5214098, at *10 (S.D. Tex. Dec. 23, 2009). In this case, the relevant events occurred in the Gulf of Mexico, offshore of Louisiana.

A second consideration is resolving disputes involving local citizens in their own locality. The interest in having "localized interests" decided at home is particularly

---

[9] *See* TABLE C-5—U.S. DISTRICT COURTS–CIVIL STATISTICAL TABLES FOR THE FEDERAL JUDICIARY (JUNE 30, 2015) http://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2015/06/30.

12

weighty here because "[t]he place of the alleged wrong is one of the most important factors in venue determinations." *Devon Energy Prod., Co. v. Global Santa Fe South Am.*, 2007 WL 1341451, at *8 (S.D.Tex. May 4, 2007) (citing *Lemery v. Ford Motor Co.*, 244 F.Supp.2d 720, 732 (S.D.Tex. 2002)). The alleged wrong to Watson occurred on a platform in the Gulf of Mexico, offshore of Louisiana. A jury sitting in that state would have a stronger interest in resolving allegations that a platform accident off the coast of its shores caused severe injuries to a Louisiana resident. *See Groesbeck v. Bumbo Int'l Trust,* No. 6:13-CV-00003, 2013 WL 3157922, at *5 (S.D. Tex. Jun. 20, 2013) (acknowledging the jury's interest as one factor favoring transfer to the forum where the accident occurred and the plaintiff resided). According, the Court finds that this factor also favors transfer.

### 3. The Familiarity of the Forum with the Law that Will Govern the Case

Neither this court nor the Western District of Louisiana is more or less familiar with the law that will govern this case. Watson notes that this case arises under a federal statute, the Outer Continental Shelf Lands Act, 43 U.S.C. §1331-1356 ("OCSLA"). Similarly, GOM's Motion to Transfer asserts that courts of the Western District of Louisiana are equally familiar with the cause of action involved in this matter. However, this Court finds that because OCSLA incorporates state law, resolution of this dispute will likely require the application of Louisiana civil law principles such as *respondiat superior*, *stipulations pour autrui*, several liability, employer fault, and the recovery of damages for emotional injuries. *See Dominguez v. Black Elk Energy, LLC*, No. 3:13-CV-

420, 2014 WL 637072, at *5 (S.D. Tex. Feb. 18, 2014). Consequently, this factor weighs in favor of transfer.

### 4. The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

Because there are no conflict of laws issues that would make this case better suited for either this Court or the Western District of Louisiana, this factor cannot weigh either for or against transfer. Possible conflicts of law arising from the application of foreign law is not implicated on these facts and does not affect the Court's analysis. Accordingly, the Court finds the final public interest factor to be neutral.

Taken together, both the public and private interest factors outweigh any interest in retaining the case in this District, rendering the Lafayette Division of the Western District of Louisiana the "clearly more convenient" forum. *Volkswagen II*, 545 F.3d at 315.

## CONCLUSION

For the reasons discussed above and after careful consideration of the pleadings, the motion to transfer venue, the response and reply, the record and evidence in this case, and the arguments of the parties, the Court concludes that Western District of Louisiana, Lafayette Division is a more convenient venue than this Court. Weighing the relevant factors, the Court therefore **GRANTS** GOM's Motion to Transfer Venue (Dkt. 36) and **TRANSFERS** this case to the Western District of Louisiana, Lafayette Division.

**IT IS SO ORDERED.**

SIGNED AT GALVESTON, TEXAS, on February 1, 2016.

_George C. Hanks Jr_
_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

15